UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER RENEE HOLDING,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC. et al.,<br><br>Defendants. | Case No. 2:25-cv-04287-HDV-RAO<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9]** |

1

## I. INTRODUCTION

This lemon law action arises out of alleged defects and nonconformities in Plaintiff Heather Renee Holding's Nissan Sentra. Before the Court is Plaintiff's Motion to Remand ("Motion"), contending that Nissan North America, Inc. ("Nissan") failed to satisfy its burden to establish that the amount in controversy requirement is met. [Dkt. 9]. For the foregoing reasons, the Court disagrees.

## II. BACKGROUND

Holding purchased a new 2022 Nissan Sentra on September 8, 2022. Complaint ¶ 6 [Dkt. 1-1]. Along with the vehicle, Holding received written warranties, including a three-year or 36,000 mile basic warranty and a five-year or 60,000 mile powertrain warranty. *Id.* ¶¶ 7–8. But the vehicle was delivered to Holding with serious defects, including failures to start, excessive battery drainage, and a malfunctioning auto lock. *Id.* ¶¶ 9, 27. Each time Holding brought in the vehicle, Nissan failed to repair it, even after a reasonable number of attempts. *Id.* ¶¶ 17–18, 32–33. Despite repeated demands, Defendants failed to make restitution or replacement. *Id.* ¶ 34.

On April 8, 2025, Holding initiated the instant action against Nissan in San Luis Obispo County Superior Court, alleging breach of express warranty and breach of implied warranty in violation of the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"). *Id.* ¶¶ 24–48. Nissan removed to federal court. [Dkt. 1]. On June 12, 2025, Plaintiff moved to remand. The Court heard oral argument on the Motion on July 31, 2025 and took the matter under submission. [Dkt. 16].

## III. LEGAL STANDARD

Federal courts have original jurisdiction over civil actions where there is complete diversity and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). Section 1332 requires complete diversity, meaning that each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (*citing Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

A defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1447(c), an improperly removed case

1  must be remanded to state court.  Any doubts about removal are resolved in favor of remand.

2  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*,

3  592 F.2d 1062, 1064 (9th Cir. 1979)).  "Th[is] 'strong presumption' against removal jurisdiction

4  means that the defendant always has the burden of establishing that removal is proper." *Id.*

## IV.   DISCUSSION

The parties dispute whether the amount in controversy requirement is met.[1]  When a state court complaint is silent or ambiguous as to amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  In its notice of removal, the removing party need only include a short and plain statement setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  But where the plaintiff challenges removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.  "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

Here, Defendant proffers Holding's sales contract to establish damages.  Declaration of Alex A. Nguyen ("Nguyen Decl.") ¶ 2 [Dkt. 11-1], Ex. A [Dkt. 11-2].  According to the contract, Holding made a downpayment of $2,747.08 and financed $27,996.75, incurring finance charges amounting to $9,078.33, for a total cost of $39,822.16.  *Id.*  Defendant contends that, after deducting the applicable offsets, the actual damages at issue are $38,221.99.  Plaintiff avers that Defendant's calculation improperly includes unpaid finance charges and third-party contracts, and argues that the cash price is the appropriate measure of damages.  Plaintiff's Reply in Support of Motion to Remand ("Reply") 5–6 [Dkt. 12].

---

[1] Plaintiff does not contest that the complete diversity requirement is met.  The Court is satisfied that such diversity exists here.  Plaintiff, an individual, is a citizen of California, and Defendant is a Delaware corporation with its principal place of business in Tennessee.

3

1   The Song-Beverly Act allows a plaintiff to recover damages, civil penalties, and costs and
2   expenses, including attorney's fees. Cal. Civ. Code § 1794. "In the case of restitution, the
3   manufacturer shall make restitution in an amount equal to the actual price paid or payable by the
4   buyer," which "may be reduced by the manufacturer by that amount directly attributable to use by
5   the buyer prior to the time the buyer first delivered the vehicle." *Id.* § 1793.2(d)(2). *See Nealy v.*
6   *FCA US LLC*, No. 2:21-cv-06552-MEMF-SHKx, at *4 (C.D. Cal. Apr. 22, 2022) (outlining formula
7   for mileage offset). But "'the actual price paid or payable by the buyer includes only *paid* finance
8   charges,' not finance charges that have yet to accrue." *Mitchell v. Jaguar Land Rover N. Am., LLC*,
9   No. 2:25-CV-03453-MCS-MAA, 2025 WL 2019959, at *2 (C.D. Cal. July 14, 2025) (quoting
10  *Farrales v. Ford Motor Co.*, No. 21-CV-07624-HSG, 2022 WL 1239347, at *3 (N.D. Cal. Apr. 27,
11  2022)); *see Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37 (2000). Where, as here, neither
12  party "offers any evidence regarding how much interest has been paid or has yet to accrue . . . ,
13  courts have found that the total cash price is a more appropriate measure of the total price paid or
14  payable." *Farrales*, 2022 WL 1239347, at *3. Here, the total cash price, excluding deductions for
15  third party contracts, is $25,846.08. Nguyen Decl. ¶ 2, Ex. A; Reply at 6 (citing Cal. Civ. Code
16  § 1793.2(d)(2)(B)). Applying the mileage offset based on the car's mileage of 5,975 and the cash
17  price of $25,846.08, the actual damages at issue are $24,559.16. Nguyen Decl. ¶ 3, Ex. B.

18  Plaintiff also seeks civil penalties up to "two times the amount of actual damages." Cal. Civ.
19  Code § 1794(c).[2] Plaintiff's potential recovery in civil penalties is thus as much as double the actual
20  damages, or $49,118.32. This sum should be considered as part of the amount in controversy, which
21  "reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by*
22  *Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

---

[2] Plaintiff contends that civil penalties are speculative because, though Plaintiff prayed for it, Plaintiff has made no specific allegations of willfulness, as required to justify civil penalties. Motion at 6–7. But Plaintiff does allege that Nissan "knowingly" and "intentionally" failed to make restitution. Complaint ¶ 34 (alleging that Nissan, "knowing [its] obligations under the Song-Beverly Act" failed to make restitution or replacement, such that civil penalties up to two times actual damages are justified); *id.* ¶ 44 (alleging that Nissan "intentionally failed and refused to make restitution"). Given such allegations, the Court includes civil penalties. *See Ladd v. Mercedes-Benz USA, LLC*, No. 2:25-CV-02879-HDV-BFM, 2025 WL 2081572, at *3 (C.D. Cal. July 24, 2025).

4

Attorneys' fees are also properly considered in determining the amount in controversy as the Song-Beverly Act permits recovery of fees. *See* Cal. Civ. Code § 1794(d); *Nguyen v. Volkswagen Grp. of Am., Inc.*, No. 2:23-CV-04104 HDV JC, 2023 WL 6786199, at *3 (C.D. Cal. Oct. 13, 2023). (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998)). Plaintiff's maximum potential recovery in actual damages and civil penalties is $73,677.48, so any attorneys' fees award, however modest, would exceed the $75,000 threshold. Accordingly, remand is not warranted.

## V. CONCLUSION

Plaintiff's Motion to Remand is denied.

Dated: August 18, 2025

Hernán D. Vera
United States District Judge